UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LAVAR WELLS,<br>Plaintiff,<br>v.<br>GAVIN NEWSOME,<br>Defendant. | Case No. 19-cv-07537-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 1 |

This case was opened when Andre Wells, a California prisoner, filed a *pro se* "motion to enterviene in order to inforce Coleman stipulations and to protect mental health patients rights." Docket No. 1 (errors in source). The first page of the filing listed the parties above and did not have a case number. In an effort to protect Mr. Wells' rights, the document was treated as an attempt to open a new case and was filed. The clerk notified Mr. Wells that he needed to file a complaint on the Court's civil rights complaint form and needed to pay the civil filing fee or file an *in forma pauperis* application. Docket Nos. 2, 3. Mr. Wells then filed a document entitled "this is and was a motion as a class action member not a separate claim," in which he stated that he was trying to obtain relief in the *Coleman* and *Clark* class actions already on file rather than to commence a separate case.[1] Docket No. 5.

A prisoner may not bring a separate case to compel prison officials to comply with the orders or remedial plans in the *Clark* and *Coleman* cases. Rather, he must pursue his claims in *Clark* or *Coleman* by urging further action through the class representatives and attorneys in those class actions. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013) (holding that individual

---

[1] *Coleman v. Wilson*, E. D. Cal. Case No. 2:90-cv-0520-KJM-DB, is a class action in the Eastern District of California concerning the inmates with serious mental disorders. *See Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995). *Clark v. California*, N. D. Cal. Case No. 96-1486 CRB, is a class action in this district concerning the treatment of inmates with developmental disabilities who are under the control of the California Department of Corrections.

suits for injunctive and equitable relief may be dismissed when they duplicate an existing class action's allegations and prayer for relief); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action" involving the same subject matter); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action.").

Upon review of Mr. Wells' motion to intervene and his letter filed December 2, 2019 (Docket Nos. 1 and 5), it is clear that Mr. Wells intended to file his document in *Clark* and/or *Coleman*, and not to commence a new case. This was the correct course of action, although pursuant to an order in *Coleman*, he may not file a pro se document directly in that case but rather only through plaintiffs' counsel. Docket No. 4080 in *Coleman v. Brown*, E. D. Cal. Case No. 2:90-cv-00520-KJM-DB ("any documents raising specific mental health care concerns shall be forwarded to plaintiffs' counsel"). Mr. Wells therefore should send his filing (or otherwise communicate his concerns) to plaintiffs' counsel in *Coleman* by mailing it to Donald H. Specter, Prison Law Office, 1917 Fifth Street, Berkeley, CA 94710. Mr. Specter also is class counsel in the *Clark* case, so Mr. Wells should consider taking the same approach in the *Clark* case, i.e., send his filing (or communicate his concerns) to Mr. Specter.

For the foregoing reasons, the motion to intervene is **DENIED** without prejudice to Mr. Wells seeking relief in the *Coleman* and *Clark* cases as stated above. Docket No. 1. This action is **DISMISSED** because it was opened in error. No filing fee is due so no *in forma pauperis* application needs to be filed. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 27, 2020

EDWARD M. CHEN
United States District Judge